■ Lisa X., Respondent, v George Y., Appellant. [764 NYS2d 630] —In a matrimonial action in which the parties were divorced by judgment dated August 16, 1999, the defendant father appeals, as limited by his papers and oral argument, from so much of an order of the Supreme Court, Queens County (Dorsa, J.), dated August 26, 2003, as granted those branches of the plaintiff mother's motion which (1), as an alternative to modifying so much of the judgment of divorce and settlement agreement between the parties as provide that they have joint

custody of their child by awarding sole custody to the plaintiff mother, sought a direction that the child be enrolled in a residential, therapeutic, middle school program (CEDU) located in the State of California for a period of two years, (2) sought to enjoin him from interfering with the enrollment of the child in that program, (3) sought to compel him to deliver written consent, inter alia, to permit school officials to communicate with professionals that had treated or evaluated the child, (4) sought to compel him to adhere to CEDU's policies and recommendations regarding communication with the child, (5) sought permission for the plaintiff mother to expend moneys in a college fund created pursuant to the judgment of divorce and the settlement agreement, inter alia, for any expenses related to the child's enrollment in the school, and (6) sought to compel him to deliver the child's clothing to the plaintiff mother. At oral argument of a motion by the defendant father seeking a stay of enforcement of the order appealed from, this Court granted the joint application of the parties to dispense with its rules regarding the perfection of causes and to proceed to a consideration of the merits of the appeal based upon (1) the copies of the documents comprising the record on appeal attached as exhibits to their respective motion papers in this Court, (2) the contentions set forth in those papers, and (3) the oral arguments of counsel.

Ordered that the order is modified, on the law and as a matter of discretion, by (1) deleting the fourth full paragraph on page two thereof and substituting therefore a provision authorizing the child's temporary enrollment in the CEDU Middle School pending determination of the motion before the Supreme Court, (2) adding to the fifth full paragraph on page two thereof, after the word "granted," the words "to the extent of enjoining such interference pending the determination of the motion," and (3) deleting the seventh full paragraph on page two thereof; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance herewith; and it is further,

Ordered that the plaintiff mother shall pay the expenses of the child's temporary enrollment in the CEDU program during the pendency of the motion.

The judgment of divorce between the parties and the settlement agreement upon which it is based provide that the parties shall have joint custody of their child, with residential custody to the plaintiff mother, and that they shall discuss and jointly determine all major issues concerning the child's health,

education, and welfare. Since the Spring of 2002 the child has exhibited increasing irritability, oppositional and defiant behavior, and verbal and physical aggression directed primarily at the mother, leading to several changes in her residential custody between the mother and the defendant father. She has also been diagnosed as having a learning disability. The combined effect of the child's emotional and behavioral problems and her learning disability has, among other things, led to poor performance and extended truancy from school.

The parties are in disagreement as to an appropriate therapeutic school placement for their child for the next two academic years. Because of their impasse on this issue and faced with the urgent need to promptly make a decision in time for the start of the 2003-2004 school year, the mother moved either for a change of the joint custody arrangement so as to award her sole custody and decision-making power on the issue or, *alternatively*, for the court to resolve the impasse by directing that the child be enrolled in the school program favored by the mother for its full two-year duration. Without first appointing a law guardian, directing forensic evaluations of the child and the parties, or holding a meaningful hearing at which an organized exposition of evidence could be had, the Supreme Court improvidently granted the alternative and ancillary relief requested by the mother and only then appointed a law guardian and directed a forensic evaluation in aid of a hearing on the issue of the mother's request for a change in the joint-custody arrangement. It should have instead made a temporary order to resolve the emergent problem of the child's enrollment in some school program while the issues raised by the motion were under consideration. The Supreme Court having authorized the child's enrollment in the CEDU program in California and her attendance at that program having begun, we decline to disturb what is now the status quo during the pendency of these proceedings. Under the present circumstances the defendant father should cooperate in effectuating the interim enrollment and deliver the child's clothing to the mother. The order appealed from has been modified accordingly. While the motion is pending before the Supreme Court, the mother shall pay the costs of the CEDU program.

We remit the matter to the Supreme Court, Queens County, for several purposes. The Supreme Court, after a conference, should first make appropriate orders, inter alia, (1) expediting forensic examinations of the parties and their child, (2) facilitating the work of the law guardian and forensic evalua-

tor by enabling review of appropriate documents concerning the child and interviews of witnesses, experts, and the child herself, and (3) fixing the means of payment of the expenses incident thereto. To the greatest extent possible, the Supreme Court shall be guided by the goal of avoiding interruption of the child's education and treatment during the pendency of the motion. A forensic evaluator should be chosen based on his or her ability to travel to California to examine the child at the CEDU program; alternatively, the court may appoint a forensic evaluator from California. A law guardian should be chosen who is willing to travel to interview the child at CEDU. The Supreme Court should also explore the feasibility of conducting the forensic examination and the interview of the child by teleconference. At oral argument of this appeal the wife offered to pay the cost of travel to California by the forensic evaluator and law guardian and the cost of returning the child to New York for the hearing. If such travel is deemed necessary by the Supreme Court, it should make an order directing the wife to pay therefor.

Second, after the prompt completion of all examinations and interviews, the Supreme Court shall conduct a full hearing on the issue of whether to change the joint custody arrangement or, alternatively, resolve the parties' impasse by selecting an appropriate therapeutic school program for the child. The hearing shall continue from day to day until completed. The Supreme Court shall then issue its order determining the motion and any ancillary issues with all convenient speed. Ritter, J.P., Goldstein, McGinity and Rivera, JJ., concur.